UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **IRENE BARBOUR and TOM BARBOUR,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CAUSE NO. 3:06-CV-520 |
| ) | |
| **MEMORY GARDENS MANAGEMENT** ) | |
| **CORP., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Motion to Compel Discovery (Docket # 38) filed on April 22, 2008, and supported by a "Verified Local Rule 37.1 Certification." For the reasons provided, Plaintiffs' Motion to Compel will be denied.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

This is a relatively straightforward personal injury case arising from a slip and fall at a business. The purported basis for jurisdiction is diversity of citizenship under 28 U.S.C. § 1332(a).[1]

On March 20, 2007, the parties were granted thirteen months of discovery (Docket # 24), making April 20, 2008, the last date for the completion of all discovery.[2] The instant dispute involves some grossly overdue interrogatory responses and requests for production of documents served on Defendants, Memory Garden Management Corporation and Chapel Hill Funeral

---

[1] Even though the case has been pending for twenty months, the issue of diversity of citizenship of the parties has never been addressed, an oversight corrected by an Order entered contemporaneously with this Opinion and Order.

[2] The Notice filed on December 3, 2007, reciting that "the discovery period in this case has now concluded" (Docket # 30) was apparently entered prematurely and in error.

Home, Inc., back on October 26, 2007.  Plaintiffs allege that no responses have been served.

Apparently Plaintiffs' counsel has allowed this problem to simmer for some time, given that they first sent a letter on November 27, 2007, inquiring about the status of the outstanding discovery, and then followed that up with a phone call to a paralegal for defense counsel on December 19, 2007, who requested, and apparently received, an additional ten days to respond. The matter was then seemingly dropped until the present motion was filed on April 22, 2008, one day after the close of discovery.[3]

The problem with Plaintiffs' motion is two-fold: it does not comply with Local Rule 37.1, despite the Verified Certification, and it comes too late.

## II.  DISCUSSION

Local Rule 37.1(a) provides that the certification required under Federal Rule of Civil Procedure 37(a)(2) (now Federal Rule of Civil Procedure 37(a)(1)) "shall recite, in addition to the information required under the appropriate Federal Rule, the date, time, and place of the conference . . . and the names of all persons participating therein."  The certification is to be filed contemporaneously with the motion.  N.D. Ind. L.R. 37.1(c).

As the Local Rule implies, a good faith effort to resolve a discovery dispute under Federal Rule of Civil Procedure 37(a)(2)(B) (now Rule 37(a)(1)) "requires that counsel converse, confer, compare views, consult and deliberate."  *Williams v. Bd. of County Comm'rs of Unified Gov't of Wyandotte County and Kansas City, Kan.*, 192 F.R.D. 698, 699-700 (D. Kan. 2000) (finding that a single letter between counsel addressing a discovery dispute does not satisfy the duty to confer) (internal quotation marks and citation omitted).  The requirement to

---

[3]The deadline was April 20, 2008, a Sunday, making April 21, 2008, the last day for the completion of discovery under Fed. R. Civ. P. 6(a)(3).

meet-and-confer must be taken seriously, because "[b]efore the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves." *See Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (citing *Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186 (3d Cir. 2003)).

Here, it is immediately apparent that the certification the Plaintiffs filed is inadequate in that it does not recite, as Local Rule 37.1(a) requires, the date, time, or place of the supposed conference. One telephone conference four months ago with a paralegal is a poor and insufficient substitute for a Local Rule 37.1 conference between counsel. Consequently, the motion to compel will be denied for failing to comply with Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.1.

Another problem with the motion is that by the terms of the case management order it comes too late, so the Plaintiffs need an excuse for their tardiness. *Patton v. MFS/Sun Life Financial Distribs., Inc.*, 480 F.3d 478, 491-92 (7th Cir. 2007) (citing *Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000) (upholding a denial of motion to compel where it was filed after the date for the completion of discovery and where no excuse for the lateness is offered)); *see also Fast Food Gourmet, Inc. v. Little Lady Foods, Inc.*, No. 05 C 6022, 2007 WL 1673563, at *2 (N.D. Ill. June 8, 2007) (collecting cases). The Plaintiffs offer no reason for why they waited months – until after the close of discovery – to file their motion to compel. Thus, as

3

the cases hold, Plaintiffs' motion is doomed to failure.  *Id*.

### III.  CONCLUSION

Accordingly, for the reasons stated in this Opinion, the Plaintiffs' Motion to Compel (Docket # 38) is hereby DENIED.

SO ORDERED.

Enter for this 23rd of April, 2008.

S/Roger B. Cosbey  
Roger B. Cosbey  
United States Magistrate Judge
